Sarah Elizabeth Spencer, #11141
Sarah.Spencer@chrisjen.com
Christensen & Jensen, P.C.
15 West South Temple, Suite 800
Salt Lake City, Utah 84101
Telephone: (801) 323-5000
Facsimile: (801) 355-3472
*Attorneys for Defendant Mazda Motor of America, Inc. dba Mazda North American Operations*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| DELBERT WILLIAMSON; ALEXA WILLIAMSON, through her Guardian Ad Litem Delbert Williamson; and ESTATE OF THANH WILLIAMSON, through her Survivors, Delbert Williamson and Alexa Williamson,<br><br>Plaintiffs,<br><br>vs.<br><br>MAZDA MOTOR OF AMERICA, INC., a California corporation; MAZDA MOTOR CORPORATION, a Japanese corporation; and DOES 1-100, inclusive,<br><br>Defendants. | **ANSWER OF MAZDA MOTOR OF AMERICA, INC. TO PLAINTIFFS' VERIFIED COMPLAINT**<br><br>and<br><br>**JURY DEMAND**<br><br>Case No. 2:13-cv-00605-PMW |

Defendant Mazda Motor of America, Inc. dba Mazda North American Operations ("MNAO"), for its Answer to Plaintiffs' Verified Complaint:

**SUMMARY**

1. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies the same.

2. As to the allegations in Paragraph 2 of the Complaint, denies that the 1993 Mazda MPV or any of its components were defective or uncrashworthy, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

**PROCEDURAL HISTORY**

3. As to the allegations in Paragraph 3 of the Complaint, admits Plaintiffs filed a Complaint against MNAO on June 7, 2004, in the Superior Court of the State of California, Orange County. MNAO neither admits nor denies the allegations about "Exhibit 1" as those allegations are not directed toward MNAO; to the extent an answer is deemed required, MNAO lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

4. As to the allegations in Paragraph 4 of the Complaint, admits Plaintiffs filed a First Amended Complaint in the California action on September 30, 2004. MNAO neither admits nor denies the allegations about "Exhibit 2" as those allegations are not directed toward MNAO; to the extent an answer is deemed required, MNAO lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

5. As to the allegations in Paragraph 5 of the Complaint, admits Plaintiffs filed a Second Amended Complaint in the California action on September 30, 2004, and that the Second Amended Complaint named Mazda Motor Corporation ("MC") as a defendant. MNAO neither admits nor denies the allegations about "Exhibit 3" as those allegations are not directed toward MNAO; to the extent an answer is deemed required, MNAO lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

6. As to the allegations in Paragraph 6 of the Complaint, admits Plaintiffs filed a Third Amended Complaint in the California action on July 8, 2006. MNAO neither admits nor denies the allegations about "Exhibit 4" as those allegations are not directed toward MNAO; to the extent an answer is deemed required, MNAO lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

7. As to the allegations in Paragraph 7 of the Complaint, MNAO admits only that MC filed a *forum non conveniens* motion to dismiss the California action in December 2005 and that the trial court denied the motion. MNAO neither admits nor denies the allegations about "Exhibit 5" as those allegations are not directed toward MNAO; to the extent an answer is deemed required, MNAO lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

8. As to the allegations in Paragraph 8 of the Complaint, MNAO admits that the California action was on appeal for approximately five years and that in *Williamson v. Mazda Motor of Am.*, 131 S. Ct. 1131 (U.S. 2011), the U.S. Supreme Court ruled that the 1993 Mazda MPV's compliance with Federal Motor Vehicle Safety Standard 208 did not pre-empt certain of Plaintiffs' state-law claims in the California action. MNAO neither admits nor denies the allegations about "Exhibit 6" as those allegations are not directed toward MNAO; to the extent an answer is deemed required, MNAO lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same. MNAO denies the remaining allegations.

9. As to the allegations in Paragraph 9 of the Complaint, MNAO admits that, on the trial court's invitation, MNAO and MC moved for reconsideration of MC's *forum non*

*conveniens* motion to dismiss the California action and that the trial court *sua sponte* stayed—and eventually dismissed—the California action for *forum non conveniens*. MNAO neither admits nor denies the allegations about "Exhibit 7" as those allegations are not directed toward MNAO; to the extent an answer is deemed required, MNAO lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

**VENUE AND JURISDICTION**

10. Neither admits nor denies the allegations in Paragraph 10 of the Complaint as they are conclusions of law; to the extent an answer is deemed required, MNAO admits venue would have been proper in Kane County but that venue is also proper in this Court.

11. As to the allegations in Paragraph 11 of the Complaint, admits that the Court has jurisdiction over MNAO and admits that the stipulation referred to speaks for itself. MNAO neither admits nor denies the allegations about "Exhibit 8" as those allegations are not directed toward MNAO; to the extent an answer is deemed required, MNAO admits only that "Exhibit 8" appears to be an accurate copy of the stipulation referred to but denies the remaining allegations.

**PARTIES**

12. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and therefore denies the same.

13. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies the same.

14. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies the same.

15. Admits MC is a Japanese corporation with its home office and principal place of business in Hiroshima, Japan.

16. Admits it is a California corporation with its principal place of business in Irvine, California.

17. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies the same.

18. Denies the allegations in Paragraph 18 of the Complaint.

19. As to the allegations in Paragraph 19 of the Complaint, admits it has marketed and distributed certain Mazda vehicles in the United States, including the 1993 Mazda MPV minivan. MNAO denies the remaining allegations directed toward it. As to the allegations not directed toward it, MNAO lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

20. As to the allegations in Paragraph 20 of the Complaint, admits generally that Mazda-brand passenger motor vehicles sold in the United States, including the 1993 Mazda MPV minivan, are used to transport persons and personal property, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

21. Denies the allegations in Paragraph 21 of the Complaint directed toward it, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

22. Denies the allegations in Paragraph 22 of the Complaint directed toward it, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

**THE CRASH**

23. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore denies the same.

24. As to the allegations in Paragraph 24 of the Complaint, admits that Jack W. Bonzelaar negligently caused or contributed to cause the crash at issue in this case, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

25. As to the allegations in Paragraph 25 of the Complaint, admits that the design of the 1993 Mazda MPV minivan was reasonably safe and crashworthy and denies that the vehicle's design caused or contributed to cause the alleged injuries. MNAO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

**FEDERAL MOTOR VEHICLE SAFETY STANDARD 208**

26. Neither admits nor denies the allegations in Paragraph 26 of the Complaint as they are not directed toward MNAO; to the extent an answer is deemed required, MNAO denies that the allegations accurately describe the legislative and regulatory actions discussed.

27. Neither admits nor denies the allegations in Paragraph 27 of the Complaint as they are not directed toward MNAO; to the extent an answer is deemed required, MNAO admits generally that FMVSSs establish requirements for various aspects of motor vehicles sold in the

United States, including design and performance, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

28. Neither admits nor denies the allegations in Paragraph 28 of the Complaint as they are not directed toward MNAO; to the extent an answer is deemed required, MNAO admits that the statute and case law cited speak for themselves, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

29. Neither admits nor denies the allegations in Paragraph 29 of the Complaint as they are not directed toward MNAO; to the extent an answer is deemed required, MNAO denies that the seatbelts or any other part, component, or system in the 1993 Mazda MPV rendered the vehicle defective, unreasonably dangerous, or uncrashworthy.

30. Neither admits nor denies the allegations in Paragraph 30 of the Complaint as they are not directed toward MNAO; to the extent an answer is deemed required, MNAO admits that the cited pages of the Federal Register speak for themselves, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

31. Neither admits nor denies the allegations in Paragraph 31 of the Complaint as they are not directed toward MNAO; to the extent an answer is deemed required, MNAO denies that the seatbelts or any other part, component, or system in the 1993 Mazda MPV rendered the vehicle defective, unreasonably dangerous, or uncrashworthy.

32. Neither admits nor denies the allegations in Paragraph 32 of the Complaint as they are not directed toward MNAO; to the extent an answer is deemed required, MNAO denies

that the seatbelts or any other part, component, or system in the 1993 Mazda MPV rendered the vehicle defective, unreasonably dangerous, or uncrashworthy.

33. Neither admits nor denies the allegations in Paragraph 33 of the Complaint as they are not directed toward MNAO; to the extent an answer is deemed required, MNAO denies that the seatbelts or any other part, component, or system in the 1993 Mazda MPV rendered the vehicle defective, unreasonably dangerous, or uncrashworthy.

34. Neither admits nor denies the allegations in Paragraph 34 of the Complaint as they are not directed toward MNAO; to the extent an answer is deemed required, MNAO denies that the seatbelts or any other part, component, or system in the 1993 Mazda MPV rendered the vehicle defective, unreasonably dangerous, or uncrashworthy.

35. Neither admits nor denies the allegations in Paragraph 35 of the Complaint as they are not directed toward MNAO; to the extent an answer is deemed required, MNAO denies that the seatbelts or any other part, component, or system in the 1993 Mazda MPV rendered the vehicle defective, unreasonably dangerous, or uncrashworthy.

36. Neither admits nor denies the allegations in Paragraph 36 of the Complaint as they are not directed toward MNAO; to the extent an answer is deemed required, MNAO denies that the seatbelts or any other part, component, or system in the 1993 Mazda MPV rendered the vehicle defective, unreasonably dangerous, or uncrashworthy.

**THE MAZDA MPV**

37. As to the allegations in Paragraph 37 of the Complaint, admits that it distributed Plaintiffs' 1993 Mazda MPV for its original retail sale but denies that it sold the vehicle to Plaintiffs and denies it sold the vehicle at retail. MNAO denies the remaining allegations

directed toward it; as to the remaining allegations not directed toward it, MNAO lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

38. Denies the allegations in Paragraph 38 of the Complaint, including subparagraphs a-e.

39. Denies the allegations in Paragraph 39 of the Complaint, including subparagraphs a-e.

40. Denies the allegations in Paragraph 40 of the Complaint.

41. Denies the allegations in Paragraph 41 of the Complaint directed toward it; as to the remaining allegations, MNAO lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

42. As to the allegations in Paragraph 42 of the Complaint, MNAO generally admits that there has been testing of seatbelts under various test conditions and parameters, but denies that MNAO designs, manufactures, or tests motor vehicles and otherwise denies the remaining allegations.

43. Denies the allegations in Paragraph 43 of the Complaint.

44. Denies the allegations in Paragraph 44 of the Complaint.

45. Neither admits nor denies the allegations in Paragraph 45 of the Complaint as they are not directed toward MNAO; to the extent an answer is deemed required, MNAO denies that the seatbelts or any other part, component, or system in the 1993 Mazda MPV rendered the vehicle defective, unreasonably dangerous, or uncrashworthy.

46. Denies the allegations in Paragraph 46 of the Complaint.

47. Denies the allegations in Paragraph 47 of the Complaint.

48. Denies the allegations in Paragraph 48 of the Complaint.

49. Denies the allegations in Paragraph 49 of the Complaint.

50. Denies the allegations in Paragraph 50 of the Complaint.

51. Denies the allegations in Paragraph 51 of the Complaint.

**FIRST CAUSE OF ACTION**

52. As to the allegations in Paragraph 52 of the Complaint, MNAO incorporates by reference its answers to those paragraphs of the Complaint referred to, repeated, realleged, and incorporated.

53. As to the allegations in Paragraph 53 of the Complaint, admits that it marketed and distributed the 1993 Mazda MPV and admits generally that certain duties may have arisen by operation of law, but denies that Paragraph 53 of the Complaint accurately states any duties MNAO owed and denies the remaining allegations directed toward MNAO. As to the remaining allegations not directed toward it, MNAO lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

54. Denies the allegations in Paragraph 54 of the Complaint.

55. Denies the allegations in Paragraph 55 of the Complaint.

56. Denies the allegations in Paragraph 56 of the Complaint.

**SECOND CAUSE OF ACTION**

57. As to the allegations in Paragraph 57 of the Complaint, MNAO incorporates by reference its answers to those paragraphs of the Complaint referred to, repeated, realleged, and incorporated.

58. As to the allegations in Paragraph 58 of the Complaint, admits generally that certain duties may have arisen by operation of law, but denies that Paragraph 58 of the Complaint accurately states any duties MNAO owed and denies the remaining allegations.

59. Denies the allegations in Paragraph 59 of the Complaint.

60. Denies the allegations in Paragraph 60 of the Complaint.

**THIRD CAUSE OF ACTION**

61. As to the allegations in Paragraph 61 of the Complaint, MNAO incorporates by reference its answers to those paragraphs of the Complaint referred to, repeated, realleged, and incorporated.

62. Denies the allegations in Paragraph 62 of the Complaint.

63. Denies the allegations in Paragraph 63 of the Complaint.

64. Denies the allegations in Paragraph 64 of the Complaint.

65. Denies the allegations in Paragraph 65 of the Complaint.

66. Denies the allegations in Paragraph 66 of the Complaint.

67. Denies the allegations in Paragraph 67 of the Complaint.

## FOURTH CAUSE OF ACTION

68. As to the allegations in Paragraph 68 of the Complaint, MNAO incorporates by reference its answers to those paragraphs of the Complaint referred to, repeated, realleged, and incorporated.

69. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint and therefore denies the same.

70. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint and therefore denies the same.

## FIFTH CAUSE OF ACTION

71. As to the allegations in Paragraph 71 of the Complaint, MNAO incorporates by reference its answers to those paragraphs of the Complaint referred to, repeated, realleged, and incorporated.

72. Denies the allegations in Paragraph 72 of the Complaint.

73. Denies the allegations in Paragraph 73 of the Complaint.

74. Denies the allegations in Paragraph 74 of the Complaint.

75. Denies the allegations in Paragraph 75 of the Complaint.

76. As to the "WHEREFORE" Paragraph of the Complaint that immediately follows Paragraph 75, including all subparagraphs thereof, MNAO denies Plaintiffs are entitled to any relief or recovery from MNAO in any manner or amount.

77. Denies each and every allegation in the Complaint unless expressly admitted or otherwise answered herein.

**DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff Delbert Williamson's individual claims are barred by the doctrine of res judicata and/or collateral estoppel (claim and/or issue preclusion).

3. Plaintiff Alexa Williamson's individual claims are barred by the doctrine of res judicata and/or collateral estoppel (claim and/or issue preclusion).

4. Plaintiffs and Plaintiffs' decedent knowingly, voluntarily, and freely assumed the risk of their alleged injuries.

5. The injuries and damages alleged in the Complaint were caused or contributed to by the negligence, fault, and/or other wrongful acts or omissions of persons or entities other than MNAO over which MNAO had and has no control or right of control and for which MNAO is not responsible.

6. Certain nonparties wholly or partially caused or contributed to cause the injuries and damages alleged in the Complaint. At trial, MNAO will request, in accordance with Utah Code Ann. §§ 78B-5-819 and 78B-5-821, that the jury allocate fault to all such nonparties, including without limitation Jack Bonzelaar and Automatic Equipment Manufacturing Company. Upon information and belief, MNAO alleges that Bonzelaar's negligence and/or the negligence, product liability, and/or breach of warranty of Automatic Equipment Manufacturing Company and/or others caused or contributed to cause the subject crash and the injuries and damages alleged in the Complaint.

7. The injuries and damages alleged in the Complaint were the direct and proximate result of the intervening and superseding events over which MNAO had and exercised no control.

8. At the time it was manufactured and originally sold and delivered at retail, the 1993 Mazda MPV at issue in this case comported with the state of the art.

9. The injuries and damages alleged in the Complaint were the direct and proximate result of the substantial change or unauthorized alteration or modification of the subject vehicle made subsequent to its design, manufacture, or market, or by its unforeseeable misuse or abuse.

10. Because the 1993 Mazda MPV's design conformed to applicable governmental standards, including without limitation FMVSS 208, there is a rebuttable presumption under Utah Code Ann. § 78B-6-703 that the vehicle is free from any defect or defective condition.

11. MNAO is not liable for any damages that Plaintiffs have failed to mitigate.

12. Plaintiffs failed to plead their misrepresentation and concealment claims with particularity as Fed. R. Civ. P. 9(b) and Utah R. Civ. P. 9(b) require.

13. Plaintiffs failed to state specifically the special damages alleged in the Complaint, as Fed. R. Civ. P. 9 and Utah R. Civ. P. 9(g) require.

14. Plaintiffs' claims are barred, in whole or in part, by a prior release.

15. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

16. MNAO did not manufacture the 1993 Mazda MPV and, accordingly, cannot be held liable in strict liability.

17. The Complaint states dollar amounts of damages Plaintiffs seek in violation of Utah Code Ann. § 78B-6-704.

18. To the extent Plaintiffs seek punitive damages, the Complaint fails to allege facts sufficient to entitle Plaintiffs to an award of punitive damages.

19. To the extent Plaintiffs seek punitive damages, their claim for punitive damages is in contravention of MNAO's rights under applicable clauses of the United States and Utah constitutions, including without limitation the following provisions: (a) Said claims constitute an impermissible burden on interstate commerce in contravention of Article I, Section 8 of the United States Constitution; (b) said claims contravene the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; (c) said claims violate MNAO's right to Due Process under the Fourteenth Amendment of the United States Constitution; (d) said claims contravene the constitutional prohibition against vague and overbroad laws; and (e) said claims contravene the Due Process Clause of the Utah Constitution.

20. To the extent Plaintiffs seek punitive damages, MNAO specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive or aggravated damages established by *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589 (1996), *Cooper Indus., Inc. v. Leatherman Tool Group, Inc*., 532 U.S. 424 (2001), *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513, 1519, 1521 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346, 127 S. Ct. 1057 (2007), and their progeny.

21. To the extent Plaintiffs seek punitive damages, MNAO specifically incorporates by reference all standards and/or limitations regarding the determination and enforceability of punitive damage awards set forth in the decisions of the courts of Utah.

22. MNAO adopts and relies upon all provisions and defenses afforded it under the United States Constitution and Utah Constitution.

23. In derogation of Utah Rule of Civil Procedure 11(a) and Federal Rule of Civil Procedure 11(a), the Complaint is unsigned.

24. MNAO adopts and incorporates by reference as if fully set out herein any and all defenses which are or may become available to it under the Restatement (Second) of Torts, Section 402A and all comments thereto, and the Restatement (Third) of Torts, Sections 1-21 and all comments thereto.

25. Plaintiffs' claims are subject to the applicable provisions of the Utah Products Liability Act, Utah Code Ann. § 78B-6-701, including the provisions of §§ 702, 703, and 705

26. Plaintiffs' claims are barred, reduced, and/or limited pursuant to any other applicable limitations of awards, caps on recovery, and setoffs permitted by law, including, but not limited to Utah law regarding non-economic loss or injury, and applicable Utah law related to amounts paid or provided by collateral sources.

27. MNAO intends to rely upon any additional defense or affirmative defense that may become apparent during the course of investigation and/or discovery and hereby reserves the right to amend this Answer to assert any such defense.

*PRAYER FOR RELIEF*

**WHEREFORE**, Defendant Mazda Motor of America, Inc. dba Mazda North American Operations prays for judgment dismissing the Complaint with prejudice and on the merits and awarding it the costs and disbursements it has incurred herein.

*JURY DEMAND*

Defendant Mazda Motor of America, Inc. demands a trial by jury.

DATED this 5th day of July, 2013.

**CHRISTENSEN & JENSEN, P.C.**

/s/ Sarah E. Spencer
Sarah Elizabeth Spencer
*Attorneys for Defendant Mazda Motor of America Inc. dba Mazda North American Operations*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of **ANSWER OF MAZDA MOTOR OF AMERICA, INC. TO PLAINTIFFS' VERIFIED COMPLAINT** and **JURY DEMAND** was mailed to the following this 5th day of July, 2013:

J. Bryan Jackson
J. BRYAN JACKSON, P.C.
95 North Main Street, Suite 25
PO Box 519
Cedar City, Utah 84721-0519

/s/ Anne L. MacLeod, Secretary